UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

ANTHONY JOHN GURNEAU,

    Plaintiff,

v.

MINNEAPOLIS POLICE DEPARTMENT,

    Defendant.

_____

Civil No. 09-2784 (JMR/JJK)

**REPORT AND RECOMMENDATION**

Plaintiff commenced this action on October 7, 2009, by filing a self-styled complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined those submissions, and found Plaintiff's complaint to be fatally defective for several reasons. The Court also found Plaintiff's IFP application to be incomplete. Because of those deficiencies, the Court entered an order, dated October 13, 2009, which informed Plaintiff that his IFP application would be "denied without prejudice." (Docket No. 3.) The order gave Plaintiff an opportunity to file an amended complaint, and to either (a) file an amended IFP application, or (b) pay the $350 filing fee for this action. Plaintiff was advised that if he did not submit both an amended complaint, and an amended IFP application, (or the $350 filing fee), within thirty (30) days, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order has now passed, and Plaintiff has not satisfied either of the requirements of that order. Furthermore, Plaintiff has offered no explanation or excuse for his failure to comply with the prior order.

1

Indeed, Plaintiff has not communicated with the Court at all since he filed this action. Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 24, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 9, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.